## COSTA v. NEW YORK CITY RY. CO.

(City Court of New York, Special Term. November, 1905.)

1. CLERKS OF COURTS—TIME FOR PAYMENT OF FEES.

Consolidation Act, § 1278, Laws 1882, p. 335, c. 410, providing that the clerk of the city court of the city of New York shall collect and receive a stenographer's fee of a specified amount for every trial had, does not authorize the collection of the fee at the time of filing notes of issue.

2. SAME.

Consolidation Act, § 1249, Laws 1882, p. 330, c. 410, providing that on issuance of any attachment or warrant from the city court of New York City if a trial be had plaintiff shall pay the clerk a certain fee, does not authorize collection of the fee at the time of filing the note of issue.

3. SHERIFF'S FEES—NOTIFYING JURORS.

Laws 1890, p. 940, c. 523, relative to the fees of the sheriff of the city and county of New York, provides that he shall receive a certain sum for notifying jurors to attend a trial term of a court of record, and Laws 1896, p. 713, c. 725, requires the commissioner of jurors to notify jurors to attend trials. *Held*, that under the latter statute the sheriff is not entitled to the fee.

Action by Grazia Costa against the New York City Railway Company. Motion by plaintiff to compel the clerk to file a note of issue without the imposition of a fee. Motion granted.

Achille J. Oishei (Nelson L. Keach, of counsel), for the motion.

John J. Delany, Corp. Counsel (Charles J. O'Neill, of counsel), opposed.

DELEHANTY, J. This motion presents for decision the im-important question as to the authority of the clerk of this court to exact, as a condition precedent to the filing of a note of issue, a calendar fee of $5. Concededly, for a number of years the custom and practice has been to pay this fee, and as a result thereof the city has acquired a considerable revenue therefrom; but an established usage in itself is insufficient to legally justify the collection of this money. It requires statutory authority to uphold the action of the clerk, and this he claims is derived from the following laws: Section 1278 of the New York City Consolidation Act, Laws 1882, p. 335, c. 410; section 7 of chapter 295, p. 600, of the Laws of 1857, and subdivision 4 of section 17 of chapter 523, p. 941, of the Laws of 1890. These statutes, it is urged, are mandatory in their declaration that the clerk shall receive from the party who files a note of issue and at the time thereof a stenographer's fee of $1.50, a trial fee of $2.50, and a sheriff's fee of $1 for notifying jurors, making in all the $5 mentioned.

I have examined with considerable care these various legislative enactments, and am frank to say that I am unable to find anything contained therein which upholds the contention of the clerk on this application. To my mind, these laws are so clear in their effect that the clerk is without authority to collect at the time stated the fee in question, that it is surprising that for so many years the legal profession has submitted without protest to the payment thereof. Section 1278 of the Consolidation Act cited provides:

"The clerk of said court [city court] shall collect and receive a stenographer's fee of $1.50 for each and every trial had in said court."

There is nothing ambiguous concerning the language here used. The legislative intent to impose upon the clerk the duty of collecting a stenographer's fee for each and every trial had is plainly apparent; but until the trial is actually had, or at least started, there is no legal justification under the statute cited for demanding or exacting the fee therein named. By what power of deduction can it be said at the time of filing a note of issue that a trial in the action will be subsequently had? The law looks with favor upon compromises and settlements of litigation, and often it is the case that suits are amicably adjusted after their appearance upon the calendars of the court, and quite frequently when about to be moved for trial. Should those cases, under the circumstances, be charged with a stenographer's trial fee? Sound reason and judgment answer that in the negative. With equal propriety might it be asserted that the clerk is entitled, at the time of filing a note of issue, to the fee for entering final judgment in the action. One is about as tenable as the other. The trial fee of $2.50 is claimed under section 7, c. 295, p. 600 of the Laws of 1857. Upon examination I find that by chapter 537, p. 720, of the Laws of 1881, that portion of section 7 cited, which requires a payment on the issuance of a summons, was repealed. The remaining portion of section 7 was included in the New York City Consolidation Act, and is now section 1249 thereof (see Commissioners' Reports of 1881–1882, page 13). That section which the clerk claims as authority for demanding the fee in question now reads as follows:

"At the time of issuing any attachment or warrant, the party applying therefor shall pay to the said clerk the sum of one dollar; and if a trial shall be had in the action so commenced, the plaintiff therein shall pay to the said clerk an additional sum of two dollars and fifty cents, which said sums shall be received in lieu of all other fees now required by law to be paid to the said clerk."

It will be noted that this provision of law covers only those cases wherein an attachment or warrant is issued. It has no application whatever to the ordinary trials of fact, and even conceding that it did, there would still be no warrant in law for the collection of the fee in question at the time of filing the note of issue, because that sum is not payable by the terms of the statute until a trial in the action shall first be had, and then only by the plaintiff, who may not be the party who filed the note of issue in the case. The law is so plain upon this point that further discussion of it is unnecessary. The remaining question, therefore, to be determined is whether the clerk is legally justified in demanding at any time the payment of a sheriff's fee for notifying jurors. His authority therefor is chapter 523, p. 940, of the Laws of 1890, section 17. This statute regulates the fees of the sheriff of the city and county of New York for services rendered by him. Section 17 thereof commences with the following catch line: "For services hereinafter specified, the sheriff of the city and county of New York shall collect the following fees;" and subdivision 4 thereof, relied upon, provides as follows:

"For notifying jurors to attend a trial term of a court of record, $1 for each cause placed on the calendar for trial by a jury, to be paid by the party first putting the cause on the calendar for that term; but the sheriff is not entitled to more than $3 for calendar fees in any one action. The clerk shall not put a cause upon the calendar for trial by a jury until the fee specified in this subdivision is paid to him. Where the cause is tried at a subsequent term without a new note of issue, as prescribed in section 977 of the Code of Civil Procedure, the party moving the trial must pay to the clerk the calendar fee or fees remaining unpaid, to be paid over by him to the sheriff."

Whatever warrant in law there was for the collection by the clerk of the sheriff's fee in question was abrogated, in my opinion, by chapter 725, p. 713, of the Laws of 1896, which amended section 1106 of the Code of Civil Procedure, by requiring the commissioner of jurors, instead of the sheriff, to notify jurors to attend trial terms for which they had been drawn to serve. It is apparent that the legislative intent, as expressed in the statute of 1890, was to fix the fees of the sheriff for certain services to be performed by him as therein specified. It will not be seriously contended that if the services in question are not performed by that official, that nevertheless he is still entitled to the fees named. Up to May 19, 1896, when chapter 725 of the laws of that year went into effect, the sheriff was the one who served notice upon those who, from time to time, had been regularly designated to act as jurors in the courts of record of this county. Until then he was entitled primarily to the fee named, to be accounted for by him to the city, under the law which directs a division with it of the fees of his office. Since that date, however, the duty of notifying jurors of their drawing devolves alone upon the commissioner of jurors, and my attention has not been called to any provision of law which requires the payment of any fees by a litigant to him for that purpose. But the claim is not that the commissioner of jurors is entitled to the fee in question, but rather that it is still due to the sheriff under the statute of 1890. The claim is an untenable one, lacking in reason as well as authority; for if the services are not performed by that official, then certainly it follows that he is not entitled to charge therefor. The statute of 1896, while not directly repealing that portion of the law of 1890 which gives to the sheriff a fee for summoning jurors, does so, in my judgment, by implication.

I reach the conclusion, therefore, that the clerk is not entitled to the $5 fee, or, in fact, any fee, for the filing of a note of issue. He must, however, at the time of trial of causes, collect the stenographer's fee of $1.50, and if the cause is one in which an attachment or warrant has been issued, an additional fee of $2.50, all of which is authorized by the statutes cited. If correct in my views, it follows that this application must be granted, and the clerk directed to file the note of issue herein, without the imposition of any fee therefor. So ordered.

In view of the importance to the city of the question involved, it having been represented in opposition to this motion by the corporation counsel, a stay will be granted hereon pending an appeal if so desired.

Settle order on two days' notice.